| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| MUNICIPIO AUTÓNOMO DE VEGA BAJA<br><br>Peticionario<br><br>V.<br><br>AGUSTÍN LOZANO MARTÍNEZ Y OTROS<br><br>Recurridos | TA2025CE00872 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV03339<br><br>Sobre: Expropiación forzosa |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

El 9 de diciembre de 2025, el Municipio Autónomo de Vega Baja (Municipio o peticionario) presentó ante nos un recurso de *certiorari* para revisar una determinación intitulada *Orden: calendarización juicio en su fondo* emitida el 7 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamon (TPI).[1] En dicho dictamen, el foro primario denegó la solicitud del peticionario de anotar la rebeldía a los señores Agustín Lozano Martínez, Candelaria Rodríguez Bruno y otros (recurridos) y calendarizó una vista en su fondo para el 14 de abril de 2026. Simultáneamente, el peticionario presentó una *Moción en Auxilio de Jurisdicción*, en la que nos solicitó paralizar los procedimientos ventilados ante el TPI.

Luego de que el peticionario compareciera ante este Tribunal, el TPI dictó una *Orden* en la que dejó sin efecto la vista previamente señalada.[2] De igual forma, emitió una *Resolución Interlocutoria*, mediante la cual anotó la rebeldía a los recurridos.[3] Asimismo, dictó

---

[1] Entrada Núm. 24 en el caso BY2025CV03339 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). El 21 de noviembre de 2025, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar la solicitud de reconsideración del peticionario. Véase Entrada Núm. 26 en SUMAC.

[2] *Íd.*, Entrada Núm. 30 en SUMAC.

[3] *Íd.*, Entrada Núm. 31 en SUMAC.

*Sentencia* por las alegaciones y decretó título en pleno y absoluto dominio a favor del Municipio sobre la propiedad objeto de la expropiación. Además, fijó la justa compensación en $0.00, al restar $106,655.00 correspondiente a multas administrativas y gastos necesarios a los fines de eliminar la condición de estorbo público de la propiedad estimada en $31,100.00.

Al tomar conocimiento sobre la determinación en reconsideración, a los efectos de la anotación de la rebeldía a los recurridos, el 9 de diciembre de 2025 emitimos una *Resolución* en la que se declaró No Ha Lugar al auxilio de jurisdicción y se le concedió cinco (5) días al Municipio para que mostrara causa por la cual no se debía desestimar el recurso por academicidad, en atención a lo resuelto por el TPI. Al próximo día, el peticinario nos solicitó tomar conocimiento de que el foro primario resolvió la controversia que motivó el recurso, de la manera que ha sido expuesta previamente.

Se prescinde de la comparecencia de las partes con interés, a fin de lograr un despacho justo y eficiente. Véase Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

**I.**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En ausencia de jurisdicción, cualquier dictamen emitido es nulo. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. Cuando un tribunal carece de jurisdicción, debe desestimar el recurso sin considerar sus méritos. *Íd.* Conforme a la Regla 83 del *Reglamento del Tribunal de Apelaciones*, *supra*, R. 83, este Tribunal puede, a iniciativa propia o petición de parte, desestimar un recurso por falta de jurisdicción.

El análisis jurisdiccional comprende evaluar la justiciabilidad, incluida la doctrina de academicidad. Pues, los tribunales pueden

intervenir solamente cuando existe una controversia real y adversativa que requiera un remedio judicial. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002); *Noriega v. Hernández Colón*, 135 DPR 406 (1994). Un caso deviene académico cuando, por el transcurso del tiempo o eventos posteriores, desaparece la controversia viva que lo originó. *Emp. Pur. Des., Inc. v. HIETEL*, 150 DPR 924 (2000). Así pues, el caso pierde su carácter adversativo y la intervención judicial equivaldría a emitir una opinión consultiva. *Angueira v. JLBP*, 150 DPR 10 (2000). Por ello, cuando el recurso es académico, el tribunal debe abstenerse de considerarlo en sus méritos. *San Antonio Maritime v. PR Cement Co.*, 153 DPR 374 (2001).

**II.**

En el caso de marras, nos encontramos ante una controversia que ha perdido su carácter justiciable. El recurso se presentó para impugnar la negativa del TPI de anotar la rebeldía y para revisar la calendarización del juicio en su fondo. Sin embargo, posteriormente el foro primario dejó sin efecto la vista señalada, anotó la rebeldía de los recurridos y adjudicó el título en pleno dominio al Municipio.

En consecuencia, no subsiste controversia viva alguna que requiera la intervención de este Tribunal. Por consiguiente, este Tribunal carece de jurisdicción para atender este recurso.

**III.**

Por las razones que anteceden, se desestima el presente recurso.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones